IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRYSTAL M. REYNOLDS,                              Civ. No. 3:12-CV-01186-AA

               Plaintiff,                      OPINION AND ORDER

    v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

             Defendant.

_____

George A. Wall
East Portland Law
1336 E. Burnside Street, Suite 130
Portland, Oregon 97214
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

Nancy A. Mishalanie
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g). Plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (the Act). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On February 20, 2009, plaintiff applied for DIB and SSI, alleging an onset date of August 8, 2006. Tr. 17, 117, 120. Plaintiff alleged that she could not work due to schizophrenia, bipolar disorder, post-traumatic stress disorder (PTSD), anxiety disorder with panic attacks, and insomnia. Tr. 136. Her claims were denied initially and upon reconsideration, and a request for a hearing was filed. Tr. 17.

On March 8, 2011, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 17, 36-56. On March 18, 2011, the ALJ issued a decision denying plaintiff's application. Tr. 17-29. The Appeals Council denied plaintiff's request for review on May 7, 2012, and the ALJ's ruling became the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review.

2 - OPINION AND ORDER

Born in 1985, plaintiff was 21 years old on her alleged disability onset date of August 8, 2006. Tr. 28. She graduated from high school and from Job Corps Vocational College and attended McKinley College Institute and U.S. Career Institute. Tr. 41, 145. She worked as a security guard, secretary, cashier, and front counter person. Tr. 182-89.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to

establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff engaged in substantial gainful activity after September 2010. Tr. 19, Finding 2. The ALJ also found at step one that plaintiff did not engage in substantial gainful activity for continuous 12-month periods from August 2006 through August or September 2010. Tr. 19, Finding 3. Thus, the ALJ proceeded with respect to this time period. Tr. 19, Finding 3.

At step two, the ALJ found that plaintiff had the following severe impairments: bipolar disorder, PTSD, and a cognitive disorder (provisional). Tr. 20, Finding 4. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment. Tr. 21, Finding 5.

4 - OPINION AND ORDER

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following non-exertional limitations: she can perform unskilled work and should have only superficial interaction with the general public and coworkers. Tr. 22, Finding 6.

At step four, the ALJ determined that plaintiff was unable to perform her past relevant work. Tr. 28, Finding 7. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform, such as the occupations of warehouse worker, recycler reclaimer, and hand packager. Tr. 29, Finding 11.

Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 29, Finding 12.

<u>DISCUSSION</u>

Plaintiff first contends that the ALJ improperly rejected her testimony. Specifically, plaintiff argues that the ALJ failed to give clear and convincing reasons to reject her testimony that she was too depressed to work full-time on a sustained and consistent basis. Plaintiff contends that her activities of daily living during her alleged period of disability are consistent with her alleged disability and not

sufficient to discredit her. After considering the record, I find that the ALJ provided legally sufficient reasons to support his finding that the plaintiff was not credible.

The ALJ considered the evidence for the relevant time period and found that plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms that she alleges. Tr. 23. However, the ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible for the following clear and convincing reasons. Tr. 23.

First, the ALJ found that plaintiff's activities of daily living were inconsistent with her alleged level of impairment. Tr. 23. Plaintiff reported that she dressed and bathed independently, shopped, and used public transportation. Tr. 23, 302-03. She attended bible study and church and hoped to take kickboxing classes. Tr. 23, 464. In February 2008, she was attending church groups and a dance class and enjoyed going shopping and to the movies. Tr. 23, 708. In 2007, she was attending a women's bible group three times a week and had just completed an online course for medical billing. Tr. 23, 816. Records from 2010 show she moved into an apartment, shopped for household items with financial assistance from Cascadia mental health, and planned events with friends. Tr. 23, 889. She

6 - OPINION AND ORDER

testified she had taken CPR and first aid training in January 2010. Tr. 23, 47. These reasons are clear and convincing and supported by the record. Carmickle v. Commissioner of Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008).

Furthermore, the ALJ found that plaintiff's volunteer and part-time work activities discredited her claims of an inability to work. Tr. 23. Plaintiff testified she started working as a volunteer at a day-care center in February 2010 and was hired part-time on May 3, 2010. Tr. 23, 45. She said she began working almost 40 hours a week in September 2010. Tr. 23, 45-46.

Next, the ALJ noted that plaintiff did not always follow treatment recommendations. Tr. 24. The ALJ noted that each time plaintiff took herself off medications it resulted in worsening depressive symptoms. Tr. 24, 259. Plaintiff contends that this reason was insufficient to support the ALJ's finding that plaintiff lacked credibility. Plaintiff notes that she was taking her medication for most of the period in question and that she stopped taking her medication in order to please her boyfriend, who did not want her taking the medication due to weight gain. Tr. 24, 259. Plaintiff states that this desire to please others is a part of her mental illness. While plaintiff argues that this lapse is consistent with her alleged disability, the ALJ did not commit legal error by considering

this evidence when determining disability. Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

Lastly, the ALJ noted that plaintiff testified that she did not work due to her depression and because her boyfriend did not want her to work. Tr. 24, 51-52, 301.  This was a clear and convincing reason for the ALJ to discount plaintiff's claims of an inability to work.

Next, plaintiff alleges that the ALJ improperly rejected the testimony of examining psychologist Karla Causeya, Psy.D. Dr. Causeya evaluated plaintiff on February 25, 2011, and she opined that plaintiff had been too depressed to work on a sustained and consistent basis from August 2006 through August 2010. Tr. 941. The ALJ gave little weight to this opinion, finding it inconsistent with the record as a whole, which he asserted showed a higher level of functioning during this time. Tr. 27.

Included in the ALJ's discussion of the evidence in the record was a citation to a June 2009 psycho-diagnostic examination performed by Gary Sacks, Ph.D., who noted that plaintiff reported: "I haven't been able to get a job for the past three years because my boyfriend didn't want me to work.

8 - OPINION AND ORDER

The fact I haven't been working for three years makes it hard to get a job without an employment history." Tr. 24, 27, 301. Plaintiff's self-report about why she had not been working for three years was inconsistent with Dr. Causeya's opinion that her unemployment was due to depressive symptoms. This was a specific and legitimate reason to discredit Dr. Causeya's opinion. While plaintiff argues that Dr. Causeya is a better judge of plaintiff's mental state than plaintiff herself, "credibility determinations do bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and her diagnosed conditions." Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005).

Further, the ALJ gave more weight to Dr. Sacks's June 2009 GAF assessment of 58, which indicated some moderate symptoms or moderate difficulty in social, occupational, or school functioning (DSM-IV-TR). Tr. 27, 304. This assessment was consistent with the June 2007 GAF of 60 assessed by Angela Meyers, LCSW, and the July 2008 GAF of 60 assessed by Jill Spendal, Psy.D., both of which the ALJ gave some weight. Tr. 25, 27, 268, 295. Dr. Spendal's and Ms. Myers's assessments were made in 2007 and 2008, during the time that Dr. Causeya retrospectively opined plaintiff was unable to work. Dr. Causeya

9 - OPINION AND ORDER

did not examine plaintiff during the time period from August 2006 to August 2010, nor did she cite any records relied upon from that time period to form her opinion. Tr. 934-41. Rather, she merely noted plaintiff's allegations of an inability to work. The ALJ could reasonably find that Dr. Causeya's retrospective opinion was inconsistent with the contemporaneous assessments of Dr. Sacks, Dr. Spendal, and Ms. Myers.

Finally, plaintiff alleges that the ALJ improperly rejected the opinion of DDS reviewing psychologist Paul Rethinger, Ph.D. Dr. Rethinger opined that "Clmt is capable of working with the general public on a frequent basis: however, PTSD may effect [sic] her ability to work in a population that is male dominant." Tr. 26, 321. The ALJ assigned "some weight" to the July 16, 2009 opinion because it was generally consistent with the record as a whole. Tr. 26. Considering Dr. Rethinger's opinion with the assertion that plaintiff has a difficult time around men who remind her of her stepfather, tr. 493, the ALJ reasonably restricted plaintiff to only superficial contact with the general public and coworkers. Tr. 22. This does not constitute a rejection of Dr. Rethinger's opinion as alleged by plaintiff. This was a reasonable translation of Dr. Rethinger's opinion as well as the evidence as a whole, which showed that plaintiff was not restricted from all contact with men. For

10 - OPINION AND ORDER

example, she was able to walk on public streets, take public transportation, shop in stores, go to movies, and attend church and dance classes. Tr. 21, 708. Plaintiff also had worked at other jobs in the past that were not restricted to women-only interaction. Tr. 182-89. Therefore, the ALJ's finding is supported by the record.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this 24 day of September, 2013.


_____
Ann Aiken
United States District Judge

11 - OPINION AND ORDER